IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUBEN ROYBAL,<br><br>           Plaintiff,<br><br>v.<br><br>STATE OF UTAH; MELANIE HOOTEN; JOLANDA REYES; TIMOTHY JAMES TRUJILLO, JR.; POLLACK FAMILY,<br><br>           Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:18-cv-00471-CW-EJF<br><br>District Judge Clark Waddoups<br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff Ruben Roybal, proceeding in forma pauperis, filed the Complaint in this matter in June 2018.  In July 2018, the Court[1] set a status conference for August 15, 2018 to give Mr. Roybal the opportunity explain the claims he is attempting to assert in this case and the bases for those claims.  (ECF No. 5.)  Mr. Roybal did not appear at the status conference.  (ECF No. 6.)

The Court has reviewed Mr. Roybal's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and finds that it fails to state a plausible claim for relief.  Accordingly, the undersigned RECOMMENDS that the District Judge dismiss Mr. Roybal's Complaint without prejudice.

## BACKGROUND

On June 13, 2018, the assigned magistrate judge granted Mr. Roybal's request to proceed in forma pauperis in this matter.  (ECF No. 2.)  Mr. Roybal's Complaint

---

[1] On July 16, 2018, District Judge Clark Waddoups referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)

1

appears to name as defendants the State of Utah, Melanie Hooten of the University of Utah School of Medicine, Jolanda Reyes of Salt Lake County Services, Timothy James Trujillo, Jr. of the State of Utah, and the "Pollack Family" of the University of Utah (collectively, the "State of Utah Defendants"). (Compl., ECF No. 3 at 1–3.) Mr. Roybal alleges that the individual defendants "worked under the State of Utah to provide services." (Id.)

Mr. Roybal purports to bring this action under 42 U.S.C. § 1983. (Compl., ECF No. 3 at 1.) The Complaint asserts a sole cause of action for "No Signed Paperwork From Plaintiff." (Id. at 4.) Mr. Roybal states the following as supporting facts for his cause of action:

> As a study from the School of Medicen [sic] I Ruben Roybal was under a medical study to be monitored medicated and under control by the Medical Department of the University of Utah to have a study done without my consent.

(Id.). The Complaint further adds that:

> Melanie Hooten provides a service to state inmates from the State of Utah to watch and to hurt physically to harm serious injury to cause death or major harm using the State of Utah's funds to be transferred to the injured families.

(Id. at 3.) When describing his alleged injury, Mr. Roybal states: "My medical condiction [sic] has been affect [sic] along with the social community including jobs and income." (Id. at 5.) Mr. Roybal seeks $100,000,000,000.00 in damages. (Id. at 6.)

## LEGAL STANDARD

Whenever the Court authorizes party to proceed in forma pauperis, the Court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In

determining whether a complaint fails to state a claim for relief under this statute, the Court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Under this standard, "'[t]he court's function . . . is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted' under Rule 8(a)(2)" of the Federal Rules of Civil Procedure.  Phillips v. Bell, 365 F. App'x 133, 137 (10th Cir. 2010) (unpublished) (quoting Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."  Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

To avoid dismissal, a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'"  Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In reviewing a complaint, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013).  The Court need not

3

accept the plaintiff's conclusory allegations as true. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S. at 555). A complaint survives only if it "'states a plausible claim for relief,'" though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

While a court construes the filings of a pro se plaintiff liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers," Hall, 935 F.2d at 1110, a pro se plaintiff must "'follow the same rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110). While a court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett, 425 F.3d at 840; see also Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997) (acknowledging that a court should "not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

## **DISCUSSION**

Mr. Roybal's Complaint falls well short of satisfying Rule 8's pleading standard. First, Mr. Roybal's Complaint does not explain what claim or claims he attempts to assert in this case. Mr. Roybal purports to bring this case under 42 U.S.C. § 1983, but does not identify a federally protected right that the State of Utah Defendants allegedly violated. See Wittner v. Banner Health, 720 F.3d 770, 773 (10th Cir. 2013) ("A § 1983 claim requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law.")  Instead, he asserts "No Signed Paperwork From Plaintiff" and appears to allege that the University of Utah conducted a medical study without his consent. Mr. Roybal also alleges that that Ms. Hooten "provides a service to state inmates . . . to watch and to hurt physically . . . using the State of Utah's funds." The Complaint does not connect these confusing allegations. Mr. Roybal does not allege, for example, that he was an inmate, or that the University of Utah performed the alleged study while he was an inmate. He also fails to plead any facts about the medical study, including what the study was about and when it took place, or what the experimenters specifically did to him.

Second, the Complaint also fails to indicate how the State of Utah Defendants bear responsibility for the actions described in the Complaint or how they allegedly harmed him. Mr. Roybal alleges only that the individual defendants "worked under the State of Utah to provide services" and that Ms. Hooten apparently watches and physically hurts state inmates. As noted above, Mr. Roybal does not allege that he was a state inmate or that Ms. Hooten harmed him, calling his standing to bring this case into question. Moreover, the fact that the other State of Utah Defendants provided

5

services for the State says nothing about how they may have harmed Mr. Roybal.  In short, Mr. Roybal's bare allegations fall far short of satisfying Rule 8, which requires that a complaint "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

In sum, the Complaint's lack of clarity—in terms of the causes of action asserted, the factual bases for any claims asserted, and how the State of Utah Defendants purportedly harmed Mr. Roybal—necessitates dismissal of the Complaint.  See Bailot v. Colorado, 385 F. App'x 853, 854–55 (10th Cir. 2010) (unpublished) (affirming district court's dismissal of complaint for failure to comply with Rule 8(a) where "[t]he complaint did little to connect the facts alleged with any cause of action, nor did it indicate how the defendants are responsible for the behavior described."); Mann, 477 F.3d at 1148 ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."); Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (stating that a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based'" (quoting Hall, 935 F.2d at 1110)).

In an attempt to address the Complaint's deficiencies, the undersigned set a status conference for August 15, 2018 at 2:00 p.m., (ECF No. 5.), but  Mr. Roybal failed to appear (ECF No. 6).  Accordingly, the undersigned RECOMMENDS that the District Judge dismiss Mr. Roybal's Complaint because it fails to state a plausible claim for relief.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge dismiss this action without prejudice.

The Court will send copies of this Report and Recommendation to all parties, who the Court hereby notifies of their right to object to the same. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. Id. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 27th day of August, 2018.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge